IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLD CANTON ROAD APARTMENTS, LTD                                                      PLAINTIFF

VS.                                                                 CIVIL ACTION NO. 3:20-cv-797-DPJ-FKB

TOPVALCO, INC.; THE KROGER CO.; and
JOHN DOES 1-10                                                                       DEFENDANTS

### ORDER

This case is before the Court on the Motion to Compel [127] and Motion to Stay, or Alternatively, to Extend Pending Deadlines [147] filed by Plaintiff Old Canton Road Apartments, Ltd ("OCRA").  Defendants Topvalco, Inc. ("Topvalco") and The Kroger Co. ("Kroger") filed responses ([137] and [152]) in opposition to Plaintiff's motions, and Plaintiff filed rebuttals ([146] and [154]).  Having considered the matter, the Court finds that Plaintiff's motion [127] to compel should be denied, and Plaintiff's motion [147] for extension should be granted.

Roughly two weeks before the close of discovery, Plaintiff filed the instant Motion to Compel [127].  On the date of the dispositive motion deadline, Plaintiff filed its motion [147] to stay or extend the dispositive motion deadline by fourteen days due to Plaintiff's counsel's illness and the pending motion [127] to compel.

Plaintiff's Motion to Compel [127] concerns Kroger's responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents.  Specifically, Plaintiff asks the Court to compel supplemental responses to Interrogatories Nos. 1, 2, 3, 4, 5, 6,

1

7, 8, 11, 12, 14, and 15 and Requests Nos. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23. Plaintiff, however, failed to file the instant motion in enough time to permit completion of briefing by the parties and ruling by the Court prior to the discovery deadline, as required by L. U. Civ. R. 7(b)(2)(C), which provides that

> A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline.

L. U. Civ. R. 7(b)(2)(C).  As Plaintiff has not established good cause to consider the motion [127], it should be denied.[1]

However, due to Plaintiff counsel's health-related challenges in complying with the deadline for filing dispositive and *Daubert*-type motions, the Court finds that the deadline for filing such motions should be extended.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Motion to Compel [127] is denied, and Plaintiff's Motion to Stay, or Alternatively, to Extend Pending Deadlines [147] is granted.  The deadline for filing dispositive and *Daubert*-type motions is hereby extended to December 2, 2022.

IT IS FURTHER ORDERED THAT having extended the motion deadline, the remaining case management deadlines are hereby amended as follows:

1. Jury trial of this matter is set for a two-week term of court commencing May 1, 2023, at 9:00 a.m., in Jackson, Mississippi, before Chief District Judge Daniel P. Jordan, III.

2. Pretrial conference is set for April 14, 2023, at 9:00 a.m., in Jackson, Mississippi, before Chief District Judge Daniel P. Jordan, III.

3. The parties' ADR reports are due to the undersigned by April. 7, 2023.

---

[1] The Court also observes that all parties have designated experts; Plaintiff did not seek an extension of the discovery deadline; and a number of the discovery requests Plaintiff seeks to compel are overly broad.

4. The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

SO ORDERED, this the 15th day of November, 2022.

                                                    /s/ F. Keith Ball
                                             UNITED STATES MAGISTRATE JUDGE